UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

UNITED STATES OF AMERICA,  :  03 CR 1368 (ARR)

        -against-  :  <u>NOT FOR PUBLICATION</u>

RICHARD PITCHER,  :  <u>OPINION AND ORDER</u>

        Defendant.
---------------------------------------------------------------- X

ROSS, United States District Judge:

I have received the Report and Recommendation on the instant case dated May 13, 2005 from the Honorable Roanne L. Mann, United States Magistrate Judge. In his original pre-trial motion, defendant sought to suppress physical evidence seized from his vehicle on the basis that he had not validly consented to the search. During the suppression hearing before Magistrate Judge Mann, defendant indicated that he also sought to suppress physical evidence seized from his residence, again on the theory that his consent to the search had not been validly obtained. Defendant has objected to Magistrate Judge Mann's report, arguing that: (1) the law enforcement officers executed the arrest warrant for him without having obtained a search warrant, even though officers had search warrants for four of Pitcher's co-defendants; (2) his consent to search was not voluntary in light of the fact that approximately six to seven officers approached him with guns drawn, ordered him to the ground, and handcuffed him, while a woman and children watched, before asking if he would consent to the search of his vehicle and residence; (3) he was not advised of his right to refuse consent; and (4) he did not

1

waive his right to challenge the validity of the consent to search his home because his consent was not "intelligent" and the government did nothing to dispel defense counsel's misimpression that the officers had a search warrant for his home.

As Judge Mann noted in her Report, the government bears the burden of proving by a preponderance of the evidence that the search was voluntary. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). In order for consent to be voluntary, it must be the "product of [an] individual's free and unconstrained choice, rather than a mere acquiescence in a show of authority." United States v. Wilson, 11 F.3d 346, 351 (2d Cir. 1993) (internal citation omitted). Voluntariness is "a question of fact to be determined from the totality of all the circumstances." Schneckloth, 412 U.S. at 227. The Second Circuit has indicated that "the ultimate question presented is whether 'the officer had a reasonable basis for believing that there had been consent to search.'" United States v. Garcia, 56 F.3d 418, 423 (2d Cir. 1995) (quoting United States v. Sanchez, 32 F.3d 1330, 1334-5 (8th Cir. 1994)). The court remarks in passing, also as noted in Judge Mann's Report, that defendant offered no evidence at the hearing other than a conclusory affidavit. The affidavit sets forth no facts to indicate that his will was overborne, stating simply that his vehicle was searched without a warrant and without consent. Defendant has offered no evidence whatsoever regarding the search of the house.

Judge Mann properly identified the following factors as relevant to the voluntariness inquiry: (a) whether there was a show of force; (b) whether the defendant was handcuffed and in custody; (c) whether defendant previously had refused to consent; (d) whether defendant was told that a search warrant would be obtained; (e) the amount of time that elapsed between the defendant's arrest and the request for consent to search; (f) the defendant's ability to understand

and communicate in English; (g) the information provided by law enforcement officials to the defendant; (h) the defendant's knowledge of the right to refuse consent; (I) the possibly vulnerable subjective state of the person who consents; and (j) whether consent was given in a public place. As Judge Mann noted, none of these factors, standing alone, is dispositive.

Judge Mann credited the testimony of the two testifying agents, who were among the arresting officers, that defendant consented to the search after he had been handcuffed and the officers had holstered their weapons, within minutes after having exited his residence. As Judge Mann noted, these events transpired in public view in defendant's driveway, no physical force was used, and no threats were made. The agents testified that they communicated with defendant in English without difficulty. Also as noted by Judge Mann, defendant's consent was unequivocal "such that it was reasonable for the agents on the scene to believe that it was freely made." Report and Recommendation at 6. The agents testified that defendant was "cooperative" and "polite." Notwithstanding these indications that defendant's consent to the search was voluntary, defendant contends, apparently contradicting the statement in his affidavit that he did not consent, that his consent was coerced.

Defendant cites no case law to support his first objection. The implication of that objection, particularly when read in tandem with defendant's post-hearing memorandum of law, is that the fact that the arresting officers sought to execute the arrest warrant for Pitcher without having obtained a search warrant supports defendant's contention that his consent was coerced. Defendant indicates that law enforcement officers had obtained search warrants for the residences of four of Pitcher's approximately twenty-four co-defendants and effectively asks the court to infer from the fact that the arresting officers asked for Pitcher's consent to

3

search that his consent, when given, was coerced. The court has no evidence before it regarding the reason or reasons why a search warrant was not obtained for Pitcher's residence, and it is not prepared to grant defendant's motion on the basis of a speculative theory that, insofar as this court is aware, has no precedential basis.

Defendant's second and third objections relate to the factors, outlined above, to be considered when determining whether consent was voluntarily given. The second objection emphasizes the show of force made by the officers. The court reiterates that Judge Mann credited the testimony of special agents Marohn and Rizzo, who testified that Pitcher consented to the search after he had been arrested and handcuffed and the arresting officers had holstered their weapons. The court also acknowledges that there were approximately six to seven federal agents and two police officers present at the time of Pitcher's arrest. While the court shares Judge Mann's view that the question is a close one, it adopts her analysis that courts in the Second Circuit have sustained warrantless consensual searches where the show of authority equaled or exceeded that in the present case.

The third objection, based on the testimony of special agents Marohn and Rizzo, is that defendant was not advised of his constitutional right to refuse consent. The court reiterates the Supreme Court's clear indication that knowledge of the right to refuse consent is only one factor to be taken into account in determining the validity of consent. Ohio v. Robinette, 519 U.S. 33, 39 (1996) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)). Having considered the circumstances surrounding Pitcher's consent, about which the witnesses testified at the suppression hearing, the court concludes that the government has proven that defendant Pitcher's consent to search was not coerced.

4

Defendant's fourth objection relates only to his motion to suppress evidence seized from his residence. Defendant contends that he "never consented in an intelligent fashion" and, addressing Judge Mann's conclusion that he waived this claim by failing to present it in a timely motion, that the government failed to dispel defense counsel's misunderstanding that the officers had a search warrant for the residence. The court need not restate Judge Mann's analysis that defendant waived his ability to seek suppression of evidence seized from his residence by raising it for the first time during the suppression hearing. It suffices to state, as Judge Mann indicated in her Report, that the same analysis applies in determining whether Pitcher validly consented to the search of his vehicle and to the search of his residence. Having concluded that his consent to the search of the vehicle was not coerced, the court is satisfied that defendant's consent to the search of his residence was also voluntary.

Having conducted a de novo review of the record, I hereby adopt the Report and Recommendation as the opinion of the court pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the court denies defendant's motion to suppress physical evidence.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: May 17, 2005
Brooklyn, New York

5

SERVICE LIST:

Attorney for United States
Steven Leo D'Alessandro
U.S. Attorneys Office, E.D.N.Y.
147 Pierrepont Plaza
Brooklyn, NY 11201

Attorney for Defendant Richard Pitcher
Anthony V. Lombardino
101-05 Lefferts Boulevard
Richmond Hill, NY 11419

cc:     **Magistrate Judge Roanne L. Mann**